| | |
|---|---|
| 1 | |
| 2 | |
| 3 | **UNITED STATES DISTRICT COURT** |
| 4 | **NORTHERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM JEFFREY GILLIAM, STEPHANIE CAPONE GILLIAM; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: C-12-00837 YGR<br><br>AMENDED<br>**ORDER GRANTING MOTION OF PLAINTIFF U.S. BANK NATIONAL ASSOCIATION TO REMAND; DENYING REQUEST FOR ATTORNEYS' FEES AND COSTS** |

Plaintiff U.S. Bank National Association ("U.S. Bank") filed this Unlawful Detainer Action in the Contra Costa County Superior Court following a non-judicial foreclosure sale of the Defendants William Jeffrey Gilliam, Stephanie Capone Gilliam's residential property. Defendants, through counsel, removed this action alleging that it arises under two federal laws: the Protecting Tenants from Foreclosure Act, 12 U.S.C. §§ 5201 *et seq.* and the Servicemembers' Civil Relief Act, 50 U.S.C. §§ 501 *et seq.*

U.S. Bank filed a Motion to Remand on the grounds that there is no basis for federal subject-matter jurisdiction in this action. U.S. Bank also requests an award of attorneys' fees and costs on the grounds that removal was improper.

Having carefully considered the moving papers and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Remand and **DENIES** the Request for Attorneys' Fees and Costs.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on April 17, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for April 17, 2012.

### I.   LEGAL STANDARD

A defendant may remove a civil action filed in state court if the action originally could have been filed in federal court.  28 U.S.C. § 1441.  District courts have federal question jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331.  District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a).

A plaintiff may seek to have a case remanded to the state court if the district court lacks jurisdiction.  28 U.S.C. § 1447(c).  The burden of establishing federal jurisdiction is on the party seeking removal.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  There is a "strong presumption" against removal jurisdiction, with doubts as to removability resolved in favor of remanding the case to state court.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### II.   DISCUSSION

U.S. Bank's Complaint states one cause of action for unlawful detainer; it does not allege any federal claims.  Defendants removed pursuant to (i) 28 U.S.C. § 1441(b), alleging that this action arises under the Protecting Tenants from Foreclosure Act ("PTFA"), 12 U.S.C. §§ 5201 *et seq.* and (ii) 28 U.S.C. 1442a, alleging that it arises under the Servicemembers' Civil Relief Act ("SCRA"), 50 U.S.C. §§ 501 *et seq.*  Neither the PTFA nor the SCRA provides a basis for federal subject-matter jurisdiction.

#### i.   *Protecting Tenants from Foreclosure Act*

First, the PTFA protects tenants whose residences are facing foreclosure. Defendants argue, in essence, that because the Complaint alleges the Defendants are not entitled to the PTFA's protections, this case raises a federal question.  Defs. Opp'n 3-5.  The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction.  *See Bank of New York v. Guevara-Martinez*, C-11-5474 CW, 2012 WL 50077 (N.D. Cal. Jan. 9, 2012) (holding that because the only possible federal issue involved a defense under the PTFA, federal question jurisdiction is lacking);

2

*Aurora Loan Services LLC v. Jessie Torres*, C-11-3061 EJD, 2011 WL 4551458 (N.D. Cal. Sept. 30, 2011) (noting that other courts considering this issue came to the same conclusion). Therefore, the Court does not have subject-matter jurisdiction over this action based upon the PTFA.

### ii. Servicemembers' Civil Relief Act

Second, Defendants removed on the basis that the Court has jurisdiction pursuant to 28 U.S.C. § 1442a in that this action arises under the SCRA. Notice of Removal, Dkt. No. 1, ¶ 4. 28 U.S.C. § 1442a allows removal of proceedings brought against members of the armed forces on account of acts done under color of office or in respect to which they claim any right, title or authority under a law of the United States respecting the armed forces. 28 U.S.C. § 1442a. Defendants interpret the statute to "afford members of the armed forces with the opportunity to have *any* civil action directed against them heard in a federal forum." Defs.' Opp'n 2 (emphasis added). Defendants' argument is not supported by the law. Although a tenant on the property is a member of the armed forces, the lawsuit is not related to Corporal William Jason Gilliam's ("Corporal Gilliam")[2] official duties, but instead involves an unlawful detainer action following the nonjudicial foreclosure of his landlords' residential property. Accordingly, Corporal Gilliam's status as a member of the armed forces, in and of itself, does not make this case removable under 28 U.S.C. § 1442a.

Finally, Defendants argue that removal is necessary to have a federal court determine Corporal Gilliam's rights under the SCRA. The SCRA was enacted "to protect those [servicemembers] who have been obliged to drop their own affairs to take up the burdens of the nation" from exposure to personal liability without an opportunity to appear and defend in person or through counsel. *Boone v. Lightner*, 319 U.S. 561, 575 (1943) (discussed in *Conroy v. Aniskoff*, 507 U.S. 511 (1993)). According to affidavits submitted by the Defendants, Corporal Gilliam has been or may be deployed into active duty during this lawsuit. If so, the SCRA may

---

[2] Not named a Defendant in the action, U.S. Marine Corp Corporal William Jason Gilliam filed a prejudgment Claim of Right to Possession stating that he occupies an "in-law" unit at the residence. Dkt. No. 3.

allow for this action to be stayed during Corporal Gilliam's period of military service. *See* 50 U.S.C. § 502. The SCRA protects servicemembers in state, federal and administrative proceedings. *Id.* But the SCRA neither creates a private right of action nor a basis for federal jurisdiction. Accordingly, the Court does not have subject-matter jurisdiction over this action based upon the SCRA.

### *iii.   There Is No Other Basis for Jurisdiction*

To the extent that Defendants may intend to raise defenses based on either the PTFA or SCRA, such defenses are not sufficient to establish federal jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) (Under the "well-pleaded complaint" rule, a case may not be removed on the basis of a federal defense).

Finally, the Court also agrees with Plaintiff that there cannot be diversity jurisdiction because the amount in controversy is alleged to be less than $10,000.00, which does not meet the $75,000.00 jurisdictional threshold.

### III.   CONCLUSION

There is no basis for federal subject-matter jurisdiction. Therefore, U.S. Bank's Motion to Remand is **GRANTED**. The Clerk of Court is directed to **REMAND** this action to the Contra Costa County Superior Court, Walnut Creek Judicial District. Plaintiff's Request for Attorneys' Fees is **DENIED**.

This Order Terminates Docket Number 9.

**IT IS SO ORDERED.**

Dated: March 28, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**